SUAREZ, Judge.
The defendant appeals his conviction and sentence for second-degree murder with a deadly weapon. We affirm.
The defendant seeks a new trial claiming that the State improperly impeached him at trial. He additionally seeks certification of the following question to the Florida Supreme Court as a matter of great public importance: FOLLOWING THE LaGRAND CASE, THE AVENA CASE AND PRESIDENT BUSH’S MEMORANDUM, HOW WILL FLORIDA REMEDY VIOLATIONS OF THE VIENNA CONVENTION ON CONSULAR RELATIONS? The State asserts that no evidentiary error occurred, and that the question should not be certified because the Florida Supreme Court has *471 already resolved this issue. We agree with the State on both points.
The defendant was charged with second-degree murder with a deadly weapon for stabbing his cousin with a knife. The defendant waived his Miranda[1] rights and voluntarily confessed to police the day after the offense. At trial, he admitted that he stabbed the victim, but claimed that he did so in self-defense. In both his confession to the police and at trial, he stated that he and the victim had a long history of violent confrontations; that the victim physically attacked him hours before the stabbing; that after the physical attack the defendant purchased a knife; that the defendant, the victim, and two others went to a bar and shot pool that evening; and that after arriving home, the defendant stabbed the unarmed victim in the neck as the victim approached him.
Defendant contends that he is entitled to a new trial because the State improperly impeached a portion of his trial testimony with his statement to police. The defendant argues that the impeachment was improper because the statement he gave to the police was not materially inconsistent with his trial testimony. We disagree. See generally Pearce v. State, 880 So.2d 561 (Fla.2004). Furthermore, any error was harmless beyond a reasonable doubt because it could not have affected the jury’s verdict under the facts of this case. State v. DiGuilio, 491 So.2d 1129 (Fla.1986); see Marmol v. State, 750 So.2d 764 (Fla. 3d DCA 2000) (holding improper victim questioning to be harmless error where the evidence, including the defendant’s own post-arrest statement, completely refuted his defense of self-defense).
The defendant additionally requests that we certify a question to the Florida Supreme Court concerning the Vienna Convention on Consular Relations. He is a Mexican national and claims that the treaty gave him the right to consular assistance following his arrest. He was neither offered nor given such assistance. The trial court denied the defendant’s motion to suppress his voluntary confession on the grounds that he was not given consular assistance. The trial court was correct. The Florida Supreme Court has held that suppression of a custodial statement is not a remedy for a violation of the Vienna Convention. Therefore, “even if [the defendant] had standing to assert a right to consular assistance under the Vienna Convention and were to show that right was violated, this would not be grounds for suppression of an otherwise voluntary confession.” Conde v. State, 860 So.2d 930, 953 (Fla.2003). Accordingly, we decline to certify the question to the Florida Supreme Court.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).